FOOD INDUSTRIES RESEARCH AND
ENGINEERING, INC., a Washington
corporation, Appellant,

v.

STATE OF ALASKA et al., Defendants,
Greater Anchorage Development Corp.
et al., Appellees.

No. 73-3023.

United States Court of Appeals,
Ninth Circuit.

Nov. 19, 1974.

Walter H. Garretson (argued), Anchorage, Alaska, for appellant.

Walter W. Cardwell, III (argued), Richard F. Lytle (argued), Houston & Lytle, Anchorage, Alaska, for appellees.

Before BROWNING, ELY and GOODWIN, Circuit Judges.

## OPINION

ALFRED T. GOODWIN, Circuit Judge:

Plaintiff engineering firm appeals from a summary judgment denying recovery of the price of engineering services and quantum meruit relief. The district court held that the contract under which the services were performed was illegal from its inception because the engineers had not qualified to perform professional services in Alaska prior to entering into the contract.[1]

The equities favor the engineers. Their plans were utilized in construction of the building. The illegality of the contract was a matter of inadvertence and bad timing. One of the engineers' officers applied for the requisite certifi-

---

1. Former AS 08.48.190, which was in effect at the time the contract was entered into, provided:

"A registered professional engineer or architect who is not a resident of the state or does not have an established place of business in the state but who possesses the qualifications required by this chapter shall qualify under this chapter before he may solicit business for, enter into contracts for, or perform professional services requiring registration or a permit."

AS 08.48.190 was repealed by § 1, ch. 179, SLA 1972 (effective July 1, 1972), and replaced by a similar provision, AS 08.48.281.

cation less than a month after the contract was made. The illegality caused no loss to the appellees. The engineers were at all times qualified to perform engineering services in the state of Washington, and obtained qualification in Alaska before the two final phases of the contract had been performed. Finally, the appellees' agent appears to have been aware of the possibility that the engineers had not qualified to do business in Alaska. Less than three months after the contract was signed the agent wrote to the appellant's head of engineering:

"The other thing I wanted to ask, Dee, are you licensed in Alaska? If not I believe state law requires an architect licensed in Alaska to stamp the plans. But this can be easily taken care of."

Though the equities favor the appellant, a prior decision of this court does not. In Hedla v. McCool, 476 F.2d 1223 (9th Cir. 1973), we held that a firm of Seattle architects who were not qualified in Alaska could not recover on a contract to design a building to be constructed in Alaska. We relied on the same statute that is at issue here. We also refused quantum meruit relief, on the basis of an Erie-educated [2] guess that Alaska would follow the common-law rule that a party to an illegal contract cannot recover in quasi contract for the benefit conferred. 476 F.2d at 1227.

The substantive holding in Hedla was, at the time it was written, an educated guess on a question of state law. Hedla is useful as precedent only to the extent that it reflects the current state of Alaska law.

Two recent Alaska Supreme Court decisions suggest that the proper course now is to remand the case to the district court for further consideration in light of new Alaska precedent. In Gates v. Rivers Construction Co., 515 P.2d 1020 (Alaska 1973), the Supreme Court of Alaska enforced an employment contract which violated the immigration laws of the United States. Recognizing the general rule that an illegal contract is unenforceable, the court noted that there were many exceptions to this rule. It placed particular significance on the fact that the statute making the contract illegal contained no specific declaration that the labor or service contracts of aliens seeking to enter the United States for the purpose of performing labor should be void.

"* * * The statute only specifies that aliens who enter this country for such purpose, without having received the necessary certification, 'shall be ineligible to receive visas and shall be excluded from admission into the United States.'" 515 P.2d at 1022.

The court contrasted the current statutory language with the language of the predecessor statute, which expressly made such contracts void and of no effect, and inferred that Congress, by omitting the "void" language, intended to allow such contracts to be enforced. 515 P.2d at 1022-1023.

The engineers here compare the Alaska engineer-registration statute, which contains no express "void" clause, with the Alaska contractor-registration statute, which does provide that no action may be brought on a contract entered into prior to registration.[3]

The omission of specific "void" or "unenforceable" language appears to be meaningful to the Supreme Court of Alaska. In denying relief in reliance upon Hedla v. McCool, supra, the district court did not have the benefit of the Alaska court's recently announced

---

2. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

3. AS 08.18.151.
   "No person acting in the capacity of a contractor may bring an action in a court of this state for the collection of compensation for the performance of work or for breach of a contract for which registration is required under this chapter without alleging and proving that he was a registered contractor at the time he contracted for the performance of the work."

view of the significance of such an omission.

A second recent Alaska case, Sumner Development Corporation v. Shivers, 517 P.2d 757 (Alaska 1974), held that the contractor-registration statute, AS 08.-18.151, precludes affirmative recovery on a contract by an unregistered contractor but permits use of the barred claim as a setoff. In the context of affirmative recovery, *Sumner* reiterated the view expressed in Gates v. Rivers Construction Co., *supra*, that action on an "illegal" contract is not necessarily barred unless the statute contains an explicit unenforceability provision. 517 P.2d at 763.

Because the statute at issue here does not contain explicit "unenforceability" or "void" language, the case should be remanded for reconsideration by the district court in light of *Sumner* and *Gates.*

Neither party is entitled to costs in this court.

Vacated and remanded.

ELY, Circuit Judge (concurring):

In the light of certain writings of the Alaska Supreme Court, issued after the District Court's entry of judgment, I cannot conscientiously dissent from the majority's wish that the district judge be allowed to reconsider the dispute in the light of the subsequent state court expressions. It warrants emphasis, however, that it is not intended by the principal opinion to in any manner indicate this court's view as to the decision that should be properly made by the District Court in its reconsideration. Speaking only for myself, I can perceive nothing in the utterances of the Supreme Court of Alaska, particularly in Gates v. Rivers Construction Co. and Sumner Development Corp. v. Shivers, cited in the principal opinion, that should induce the District Court to alter its original judgment and thus depart from our court's holding in Hedla v. McCool, 476 F.2d 1223 (9th Cir. 1973).